IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03479–CMA–KMT

BRYAN P COUNCIL, as an individual and on behalf of all others similarly situated,

    Plaintiff,

v.

TARGET CORPORATION, a Minnesota corporation,

    Defendant.

## ORDER

    This matter is before the court on "Target's Motion to Stay Proceedings" (Doc. No. 15, filed January 21, 2014).

    Defendant Target Corporation seeks a stay of these proceedings pending a decision by the Judicial Panel on Multidistrict Litigation (JPML) on requests to transfer this action, and at least 64 other substantially similar actions (together with this action, the "Actions"), into a multidistrict litigation ("MDL").

    The Actions all arise out of Target's announcement on December 19, 2013, that it detected unauthorized access to payment card data, potentially impacting guests who made credit or debit card purchases in Target's U.S. stores from November 27 to December 15, 2013.  As of the date of the motion to stay, at least 64 other similar putative class actions are currently pending in 27 district courts across the country.  (*See* Motion, Ex. A.)  The gravamen of the

claims in each of the Actions is virtually identical—that Target failed properly to safeguard guest financial data and failed properly to disclose the data breach to those guests who might be affected. The plaintiffs in the Actions all assert some combination of claims for breach of contract, negligence, negligent misrepresentation and concealment, invasion of privacy, violation of the Federal Stored Communications Act, violation of state law consumer protection statutes, and violation of state law data breach statutes, and related equitable claims.

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Lundy v. C.B. Fleet Co., Inc.*, No. 09–cv–00802–WYD–KLM, 2009 WL 1965521, at *1 (D. Colo. July 6, 2009) (citations omitted); *see also String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006). "As a general rule, 'courts frequently grant stays pending a decision by the MDL panel regarding whether to transfer a case.'" *See Lundy*, 2009 WL 1965521, at *1 (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (C.D. Cal. 1998)).

The court concludes that stay of proceedings is appropriate here. The court first considers whether the interests of the parties would be served by a stay. *See String Cheese*, 2006 WL 894955, at *2 (balancing prejudice of stay to the non-moving party, the plaintiff, against any undue burden of going forward on defendant). Here, Defendant argues that, without a stay, it would be burdened by being required to engage in duplicative litigation, and there is a serious risk of inconsistent or contradictory decisions. Plaintiff argues that that a stay "poses a significant hardship and inequity to Plaintiff and members of the putative Class." (Doc. No. 20, ¶ 10.) In support, he identifies only one source of potential prejudice—that a stay will prevent the Court from ruling on his motion for a protective order. (Doc. No. 20, ¶ 10.) Plaintiff argues that,

absent a ruling on that motion, "relevant admissible evidence is at risk of not being adequately preserved." (*Id.*) In reply, Defendant argues that Plaintiff has not identified any actual risks to such evidence. Defendant also argues it has taken steps to ensure potentially discoverable information is appropriately retained. Defendant also argues that the JPML hearing will take place on March 27, 2014, and that a decision on the transfer will happen shortly thereafter. Finally, Defendant argues that courts in other Actions have rejected similar arguments that protective orders or expedited discovery are necessary to prevent prejudice to plaintiffs or putative class members.

The court agrees that the burden on Defendant in proceeding with this case outweighs any prejudice to Plaintiff by a brief stay of this matter pending ruling by the JPML. The court notes that briefing on Plaintiff's Motion for Protective Order is not complete, and the hearing on the motion is not set until April 8, 2014. The court also notes that in the parties' joint motion to reset the hearing on the Motion for Protective Order, the parties requested that the hearing on the Motion for Protective Order be reset to April 22, 2014. Plaintiff, therefore, did not oppose waiting on a ruling on that motion until a later date. Moreover, it is likely the JPML will have made a decision on the request to transfer this action before or soon after April 22, 2014.

The court also considers its own convenience, the interests of nonparties, and the public interest in general. *See String Cheese*, 2006 WL 894955, at *2. None of these factors prompts the court to reach a different result. The court finds that granting the stay will promote judicial economy and efficiency. *See Lundy*, 2009 WL 1965521, at *1–2 (concluding "judicial economy . . . best served by granting a stay pending the MDL Panel's decision"); *Lilak v. Pfizer Corp.*, Inc., No. 08–cv–02439–CMA–KLM, 2008 WL 4924632, at *3 (D. Colo. Nov. 13, 2008)

(reasoning stay pending transfer to MDL appropriate because judicial economy best served by case being considered as part of MDL); *Franklin v. Merck & Co., Inc.*, No. 06–cv–02164–WYD–BNB, 2007 WL 188264, at *2 (D. Colo. Jan. 24, 2007) (finding that pending transfer to MDL "granting a stay would promote judicial economy and help insure consistent pretrial rulings").  Because the court finds that a stay will not prejudice the plaintiff and the court agrees that awaiting a ruling from the MDL panel will conserve judicial resources and avoid the issuance of rulings on discovery and substantive motions inconsistent with those issued by other federal courts, the court will enter the stay.  *See Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360–62 (C.D. Cal.1997) (granting stay where motion to transfer and consolidate cases into MDL proceeding pending before MDL Panel and noting that "a majority of courts" have concluded that such a stay appropriate and conserves judicial resources).  The court does not find that any compelling nonparty or public interests require a different result.

     Accordingly, it is

     **ORDERED** that the "Target's Motion to Stay Proceedings" (Doc. No. 15) is **GRANTED**.  This case is **STAYED** until such time as the JPML resolves the request to transfer this action into a multidistrict litigation.  The parties shall file a status report within five days of the date the JPML issues its ruling on the motion to transfer this action to an MDL.  It is further

     **ORDERED** that the "Joint Motion for Extension of Time for Briefing Schedule, Hearing on Motion for Protective Order, and Scheduling Conference" (Doc. No. 16, filed January 23, 2014) is **GRANTED**.  The reply to the Motion for Protective Order shall be filed no later than ten days of a ruling on by the JPML, in the event the JPML does not transfer this case to an

MDL. The Scheduling Conference and motion hearing set for April 8, 2014, and all deadlines associated with the Scheduling Conference are **VACATED**.

Dated this 5th day of March, 2014.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge